UNITED STATES DISTRICT COURT          ECF Case
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JULIA RELLOU,

                Plaintiff,         Civil Action No. 07 Civ. 1334
                                                                         (WP4)
    -v-
                                                                        **FIRST AMENDED**
JP MORGAN CHASE LONG-TERM DISABILITY     **COMPLAINT**
PLAN, DIRECTOR OF HUMAN RESOURCES, JP
MORGAN CHASE & CO., as PLAN ADMINISTRATOR
and FIDUCIARY, and UNUM PROVIDENT, as
FIDUCIARY,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x



      Plaintiff, Julia Rellou ("Rellou"), by her attorneys Sapir & Frumkin LLP, alleges as follows:

### I. INTRODUCTION

    1.    In this action, Rellou, formerly an employee of JP Morgan Chase, brings claims against the JP Morgan Chase Long-term Disability Plan ("the Plan"), Director of Human Resources, JP Morgan Chase & Co. ("JP Morgan"), as Plan Administrator and Fiduciary, and Unum Provident ("Unum"), as Fiduciary, pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001, *et seq.* for failure to provide long-term disability benefits in the form provided for in all relevant Summary Plan Description documents, and for breach of fiduciary duty and promissory estoppel.

### II. JURISDICTION

    2.    This action is brought pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(b) and (a)(3). Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331.

### III. VENUE

    3.    Venue in this action lies in the Southern District of New York pursuant to ERISA,

29 U.S.C. § 1332(e)(2) as it is the District where the violations have occurred. Additionally, the parties to this action reside in and/or regularly do business within the jurisdiction of this Court, and the events and issues in this action took place within the jurisdiction of this Court.

## IV. PARTIES

4.  Plaintiff is a resident of Granite Springs, New York.

5.  Plaintiff is a participant in the Plan within the meaning of ERISA, 29 U.S.C. § 1002(7), and has been at all relevant times.

6.  Defendant Plan is an employee welfare benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(1), and can be found at 99 Park Avenue, 6th Floor, New York, New York 10016.

7.  Defendant JP Morgan is both the Plan Administrator within the meaning of ERISA, 29 U.S.C. § 1002(16)(B) and Fiduciary within the meaning of ERISA, 29 U.S.C. § 1002(21)(A) and has been at all relevant times.

8.  Defendant Unum a Fiduciary within the meaning of ERISA, 29 U.S.C. § 1002(21)(A), and has been at all relevant times.

## V. STATEMENT OF FACTS

9.  Plaintiff was hired as an employee of Chemical Bank, a JP Morgan predecessor organization, effective on August 8, 1988.

10. Plaintiff received the Summary Plan Description for the Plan early on in her employment, which states that only the individual recipient's benefits will be offset by ancillary sources.

11. In reliance on this, Plaintiff voluntarily contributed to payment of premiums for her long term disability coverage under the Plan commencing in 1988 through the end of her

employment in 2002. In her last year of employment, Plaintiff paid in excess of $500.00 toward her long term disability premiums.

12. On or about August 12, 2002, Plaintiff became disabled due to a severe and degenerative bilateral hearing loss.

13. In or about December 2002, Plaintiff first applied for long term disability benefits under the Plan.

14. On February 6, 2003, Plaintiff was approved for long term disability benefits under the Plan.

15. On or about February 9, 2003, Plaintiff began receiving long term disability benefits under the Plan of $7,583.33 per month.

16. The updated 2002 revised Summary Plan Description for the Plan included language that provided for the first time that spousal and dependent Social Security Administration Disability Benefits would be offset from any payments from the Plan. Plaintiff was not provided with this Summary Plan Description until well after she was provided long-term disability benefits.

17. On May 3, 2003, Plaintiff signed a Disability Payment Options/Reimbursement Agreement ("Payment Options Agreement").

18. The Payment Options Agreement stated that "[t]he policy under which I am covered provides that my disability benefits may be reduced by other benefits that I, (my spouse and dependents, *if applicable*) may receive or are eligible to receive under, but not limited to, any act or law commonly known as Workers' Compensation and/or Social Security Administration benefits and/or other sources of benefit reduction as outlined in my Policy." (emphasis added).

19. When signing the Payment Options Agreement, Plaintiff believed that it pertained only to her individual ancillary benefits based on the terms of the latest Summary Plan Description (1997) of which she was in possession.

20. On March 30, 2006, Plaintiff was advised by Unum that as a result of her receipt of a Social Security Disability Benefit award, her long-term disability benefits would be offset by not only her Social Security benefits, but also by benefits received by her children. At that time, Plaintiff was informed that she had received an overpayment of $82,454.40 with respect to her and her children's receipt of long term disability benefits under the Plan. In addition, she was informed that the disability benefits would not be paid in their entirety, effective on April 1, 2006, until the alleged overpayment is recouped in full by December, 2007.

21. On or about September 18, 2006, and in response to Plaintiff's written communications to Defendant raising concerns with Defendants' practices, Defendant Unum issued a determination upholding its decision to cease Plaintiff's disability benefits in their entirety until Unum recoups all retroactively paid Social Security disability benefits to Plaintiff and her minor children.

22. On or about December 12, 2006, Plaintiff appealed the determination of September 18, 2006.

23. On or about December 27, 2006, Defendant Unum denied Plaintiff's appeal.

24. Plaintiff has in good faith exhausted all of her administrative remedies.

## VI. **FIRST CAUSE OF ACTION**

25. Plaintiff repeats and realleges the allegations contained in paragraphs 1-24 of the Complaint as if fully set forth herein.

26. Defendants acted in contravention of the terms of the Summary Plan Description in effect at the time Plaintiff paid her premiums for long-term disability benefits. Accordingly, the Plan acted in violation of its terms when it stopped paying Plaintiff benefits to recoup the alleged overpayment in violation of ERISA, 29 U.S.C. §1132(a)(1)(B).

27. As a result, Plaintiff has suffered a reduction in the amount of her benefits, seeks recoupment due to the unlawful offset of her children's Social Security benefits and seeks future long-term disability benefits unreduced by the amount of her children's Social Security benefits.

## VII. SECOND CAUSE OF ACTION

28. Plaintiff repeats and realleges the allegations contained in paragraphs 1-24 of the Complaint as if fully set forth herein.

29. Defendants JP Morgan and Unum breached their fiduciary duties to Plaintiff when they failed to provide adequate notice of the material change to the Plan (the offset of dependent benefits) in violation of 29 U.S.C. § 1104(a) and 1132(a)(3).

30. Defendants JP Morgan and Unum therefore should be precluded from enforcing this material change to the Plan against Plaintiff due to their failure to provide notice of the material change to Plaintiff. Plaintiff should be afforded equitable restitution in the form of reimbursement of the amount her long term disability benefits that were reduced by her children's receipt of Social Security benefits. In addition, Plaintiff seeks future long-term disability benefits unreduced by the amount of her children's Social Security benefits.

## VIII. THIRD CAUSE OF ACTION

31. Plaintiff repeats and realleges the allegations contained in paragraphs 1-24 as if fully set forth herein.

32. Based on Defendants JP Morgan and Unum's misrepresentations, that only Plaintiff's ancillary Social Security benefits would offset her long term disability benefits, Plaintiff believed that her children's Social Security benefits would not affect her long term disability benefits.

33. Plaintiff reasonably and detrimentally relied on Defendants' misrepresentations by paying long term disability premiums based upon the belief that her long term disability benefits would not be offset by Social Security benefits received by her children.

34. Defendants Plan, JP Morgan and Unum should be precluded under the theory of promissory estoppel from recovering any alleged long term disability overpayments based upon Plaintiff's children's Social Security benefits.

35. Defendants Plan, JP Morgan and Unum are liable in promissory estoppel pursuant to the federal common law of ERISA. Defendants should disgorge to Plaintiff the amount offset against her long term disability benefits resulting from the money received by her children from Social Security and should be estopped from asserting future offsets against her long term disability benefits based upon those awards.

## IX. **FOURTH CAUSE OF ACTION**

36. Plaintiff repeats and realleges the allegation in paragraphs 1-24 as if fully set forth herein.

37. Pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Defendants can only obtain equitable relief which does not provide for payment of money damages.

38. Defendants' offset of Plaintiff's benefits in the amount of $82,454.40 and cessation of current benefits to recoup same is in violation of ERISA §502(a)(3) in that such money damages are not collectable under this or any section of ERISA.

39. Plaintiff seeks a declaratory judgment which prohibits Defendants unlawful act and provides for equitable restitution in the form of increasing Plaintiff's benefits until the $82,454.40 is returned to her.

## X. RELIEF

Plaintiff respectfully prays that this Court:

1. Declare that Defendants conduct herein to be in violation of the Plaintiff's rights as secured by ERISA, 29 U.S.C. § 1104 and 1132(a)(1)(B) and (a)(3) and the federal common law of ERISA.

2. Award Plaintiff the following relief pursuant to 29 U.S.C. 1132 § (a)(1)(B) and 1132(a)(3);

### ON THE FIRST CAUSE OF ACTION

3. Equitable relief consisting of recoupment of all amounts unlawfully withheld from Plaintiff in violation of the terms of the Plan, consisting of the offset of her long-term disability benefits by the amount of Social Security benefits awarded to her children, and the resumption of future long term disability benefits that are not reduced by her children's Social Security benefits.

4. Interest on the amount recouped pursuant to ERISA.

5. Reasonable attorney's fees and costs incurred in the prosecution of this action.

### ON THE SECOND AND THIRD CAUSES OF ACTION

6. Disgorgement of funds in the possession of Defendant based on its unjust enrichment in an amount equal to the value of the long term disability benefits Plaintiff would have received if her monthly payments had not been wrongfully reduced in an attempt to recoup her children's alleged Social Security benefit offsets, and the resumption of future long term disability benefits that are not reduced by her children's Social Security benefits.

7. The formulation of a constructive trust with respect to the above referenced funds so that proper restitution may be made to Plaintiff.

8. Declaratory relief determining Plaintiff's future rights to long term disability benefits which may not be offset by her children's Social security benefits and/or any alleged overpayments of Plaintiff's long term disability benefits.

9. Declaratory relief enjoining Defendants from seeking recoupment of Plaintiff's long term disability benefit payments based upon her children's Social security benefit payments.

10. Interest on all amounts awarded pursuant to ERISA, 29 U.S.C. § 1132(g)(1).

11. Reasonable attorney's fees and costs incurred in the prosecution of this action.

## ON THE FOURTH CAUSE OF ACTION

12. Declaratory relief asserting that Defendant acted in prohibition of ERISA 502 (a)(3), 29 U.S.C. § 1132(a)(3), by recouping $82,454.40 from Plaintiff's future benefits because money damages are not available under ERISA.

13. The formulation of a constructive trust with respect to the above referenced funds so that proper restitution may be made to Plaintiff.

14. Declaratory relief determining Plaintiff's future rights to long term disability benefits which may not be offset by her children's Social security benefits and/or any alleged overpayments of Plaintiff's long term disability benefits.

15. Declaratory relief enjoining Defendants from seeking recoupment of Plaintiff's long term disability benefit payments based upon her children's Social security benefit payments.

16. Interest on all amounts awarded pursuant to ERISA, 29 U.S.C. § 1132(g)(1).

17. Reasonable attorney's fees and costs incurred in the prosecution of this action.

## ON ALL CLAIMS

Such other and further relief as this Court may deem just and proper.

Dated: White Plains, New York
       March 29, 2007

**SAPIR & FRUMKIN LLP**

By: _____
    William D. Frumkin, Esq. (WF2173)
    Attorneys for Plaintiff
    399 Knollwood Road, Suite 310
    White Plains, New York 10603
    (914)328-0366

F:\APPLICAT\WP\Rellou\Litigation Documents\Complaint.First Amended.wpd\rlh