USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 24, 2012

**MANDATE**

09-4495-cv
Rellou v. JP Morgan Chase Long-Term Disability Plan

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

N.Y.S.D. Case #
07-cv-1334(KMK)

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of August, two thousand eleven.

PRESENT:

> ROGER J. MINER,
> JOSÉ A. CABRANES,
> PETER W. HALL,
>   *Circuit Judges.*

---

JULIA RELLOU,

> *Plaintiff-Counter-Defendant-*
> *Appellant,*

v.                                                          09-4495-cv

DIRECTOR OF HUMAN RESOURCES JP MORGAN
CHASE LONG-TERM DISABILITY PLAN, *et al.*,

> *Defendants-Appellees,*

[FILED AUG 30 2011 — United States Court of Appeals, Second Circuit, Catherine O'Hagan Wolfe, Clerk]

MANDATE ISSUED ON 11/09/2011

First Unum Life Insurance Company,

    *Defendant-Counter-Claimant-Appellee.*[*]

---

| | |
|---|---|
| **FOR APPELLANT:** | Julia Rellou, *pro se*, Granite Springs, N.Y. |
| **FOR APPELLEES:** | Stacey L. Blecher, Assistant General Counsel, JP Morgan Chase Legal & Compliance Department, *for* Director of Human Resources JP Morgan Chase Long-Term Disability Plan and JP Morgan Chase & Co., New York, N.Y. |
| | Patrick W. Begos, Begos Horgan & Brown, LLP, First Unum Life Insurance Company, Westport, Ct. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Julia Rellou ("Rellou"), proceeding *pro se*, appeals from a judgment entered September 30, 2009, in the District Court, granting summary judgment in favor of defendants-appellees JP Morgan Chase Long-Term Disability Plan, the Director of Human Resources, JP Morgan Chase & Co., and First Unum Life Insurance Company (jointly, "defendants") on Rellou's claims brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461 (2006), for defendants' failure to provide long-term disability benefits, breach of fiduciary duty, and promissory estoppel. Each of Rellou's claims raised the issue of whether First Unum Life Insurance Company ("First Unum"), as administrator of the JP Morgan Chase Long-Term Disability Plan ("the Plan"), properly exercised its discretion in deducting from Rellou's long-term disability ("LTD") payments the amount of Social Security Disability Insurance ("SSDI") payments that she received from the government for her dependent children. We assume the parties' familiarity with the underlying facts, procedural history of the case, and the issues on appeal.

---

[*] The Clerk of the Court is directed to amend the official caption as set forth above.

2

We review *de novo* a district court's grant of summary judgment, drawing all factual inferences in favor of the non-moving party. *See, e.g., Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 107 (2d Cir. 2008). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). Having conducted a *de novo* review of the record and considered the parties' submissions, we affirm the judgment of the District Court for substantially the reasons stated in its thorough and well-reasoned opinion. *See Rellou v. JP Morgan Chase Long-Term Disability Plan*, No. 07-CV-1334 (KMK), 2009 WL 3151230 (S.D.N.Y. Sep. 30, 2009).

With respect to Rellou's claim for improper denial of ERISA plan benefits under 29 U.S.C. § 1132(a)(1)(B) (2006), the District Court properly held that the plain language of the Plan and other related documents—received by Rellou prior to her applications for LTD payments and for SSDI benefits—made it clear that her LTD payments would be offset by any SSDI benefits she or her family or dependents received, and that this unambiguous language was not modified by a Resource Guide that Rellou had received in 2002. In so holding, the District Court properly accounted for the fact that First Unum operated under a conflict of interest, insofar as First Union both determined Rellou's eligibility for benefits and paid the benefits out of its own pocket. *See Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008) ("If a benefit plan gives discretion to an administrator or fiduciary who *is operating under a conflict of interest*, that conflict must be *weighed as a "factor* in determining whether there is an abuse of discretion.") (internal quotation marks omitted) (emphases in original). Rellou's argument on appeal that the District Court did not properly weigh First Unum's conflict of interest is unpersuasive. As the District Court noted, given the unambiguous language of the documents Rellou received, this was not a close call. Indeed, the District Court stated that "the result here would be the same even under a *de novo* standard." *Rellou*, 2009 WL 3151230, at *6.

With respect to Rellou's claim for breach of fiduciary duty, the District Court properly found that she failed to show that there was any material misrepresentation or omission on which she could have relied to her detriment. On appeal, Rellou argues that the District Court improperly found that her reliance on defendants' statements was not detrimental because it failed to consider evidence of the "punitive tax liabilities" on her SSDI benefits, which resulted in her receiving a lesser total payment from her combined long-term disability payments and SSDI benefits than she would have received had she never applied for SSDI benefits. Contrary

3

to Rellou's assertion, it does not appear that this argument was made in the District Court.[1] This Court generally will not review arguments raised for the first time on appeal, except "where necessary to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding." *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005) (internal quotation marks omitted). Rellou has failed to show that either of those conditions are present in this appeal. In any event, her argument is moot because the District Court's discussion of detrimental reliance was merely dicta, given its express holding that Rellou failed to show a material misrepresentation or omission, a necessary element of a claim for breach of fiduciary duty.

Finally, with respect to Rellou's promissory-estoppel claim, the District Court correctly concluded that the 2002 Resource Guide, on which Rellou allegedly relied to her detriment, was not a promise and that there were no "extraordinary circumstances" present, as required for an ERISA plaintiff to succeed on a promissory-estoppel claim. *See Weinreb v. Hosp. for Joint Diseases Orthopaedic Inst.*, 404 F.3d 167, 172–73 (2d Cir. 2005) (internal quotation marks omitted) (explaining elements of promissory-estoppel claim in ERISA context).

We have reviewed Rellou's remaining arguments and find them to be without merit.

## CONCLUSION

We reject all of Rellou's claims on appeal. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] To support her argument, Rellou attached to her brief a March 2009 letter from her accountant setting forth her tax liability on her SSDI benefits for tax years 2005 to 2008. This letter was not provided to the District Court during the summary-judgment briefing. The District Court's docket sheet indicates that, in June 2009, while the summary-judgment motions were pending, Rellou attempted to deliver additional papers to the court without her attorney's knowledge. *See* ROA Doc. 63. However, in response to a letter from First Unum's counsel, the District Court indicated that it had not reviewed, and would not review, this *ex parte* submission. *See id.* Because the submission was never docketed, it is unclear whether the accountant's letter was included among these additional papers. What is clear, however, is that this evidence was not properly presented to, or considered by, the District Court.

4



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit